UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
AMEREX GROUP, INC. and 07 cv 3259 (HB)
AMEREX USA, INC.,

 Plaintiffs, DEFENDANTS' STATEMENT
 OF UNDISPUTED
 -against- MATERIAL FACTS

LEXINGTON INSURANCE COMPANY and
WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

 Defendants.
-------------------------------------------------------------------X

 As and for their Statement of Undisputed Material Facts, defendants Lexington Insurance Company and Westchester Surplus Lines Insurance Company state as follows pursuant to Local Civil Rule 56.1:

 1. This suit concerns claims by plaintiffs (collectively "Amerex") of physical loss and business interruption arising from a rack collapse at its New Jersey warehouse on August 3, 2001. Complaint at 14-16.

 2. Amerex's primary insurance policy in effect on August 3, 2001 was underwritten by Fireman's Fund Insurance Company ("FFIC"), with policy limits of $2,500,000. Complaint at 20.

 3. A true and correct copy of the FFIC policy is annexed hereto as Exhibit "1."

 4. The Lexington Insurance Company ("LIC") was an excess insurer with policy limits of $5,000,000 in excess of $2,500,000 on August 3, 2001. Complaint at 21, LIC excess policy, Exhibit "2."

5. Westchester Surplus Lines Insurance Company ("WSLIC") was also an excess insurer with policy limits of $5,000,000 in excess of $2,500,000 on August 3, 2001. Complaint at 22, WSLIC excess policy, Exhibit "3."

6. A claim was first submitted to LIC and WSLIC on June 12, 2003. Proof of Loss, Exhibit "4."

7. The total amount of loss claimed by Amerex is $8,812,000. Complaint at 27.

8. Fireman's Fund Insurance Company paid Amerex $2,500,000 for its claim. Complaint at 24.

9. Amerex's claim against Lexington Insurance Company and Westchester Surplus Lines Insurance Company is for $6,312,000. Complaint at 27, 34.

10. Amerex's claim was initially denied by LIC and WSLIC on February 21, 2006. February 21, 2006 letter, Exhibit "8."

11. Following the initial denial of the claim, Amerex, LIC and WSLIC met with each other on a number of occasions in the ensuing 14 months to attempt to resolve the claim. Antin Declaration at 15-19.

12. The parties submitted the claim to a mediator, John Adams Kerns, Jr., Esq. of Hartly, Delaware. Antin Declaration at 17.

13. In connection with the mediation, in April 2007, LIC and WSLIC made an offer to Amerex to resolve the claim. Antin Declaration at 19.

14. That offer was substantial and was made in good faith. Antin Declaration at 19.

15. While the offer was pending, Amerex commenced this suit without any response to the offer being communicated to defendants. Antin Declaration at 20.

16. By letter dated June 4, 2007, LIC and WSLIC demanded appraisal pursuant to the terms and conditions of the pertinent insurance policies. Exhibit "9."

17. In their Answer, LIC and WSLIC asserted their right to appraisal. Answer of defendants, Exhibit "10," at 47.

18. By letter dated June 21, 2007, LIC and WSLIC appointed Peter Fogarty, CPA, of Hagen, Streiff, Newton & Oshiro, P.C., as their appraiser. June 21, 2007 letter, Exhibit "11."

19. Amerex has since refused to participate in the appraisal process. June 22, 2007 letter, Exhibit "10."

Dated: New York, New York
July 6, 2007

By: _____
Michael S. Leavy (ML6150)