# GENNET, ̲ALLMANN, ANTIN & ROB: ̲ON, P.C.

Stanley W. Kallmann * †
Mark L. Antin ◊ †
Richard S. Nichols †
Donald G. Sweetman o

Samuel A. Gennet
(1936-1998)

◊ Member NY Bar
* Member NJ & NY Bars
□ Member NJ& PA Bars
◊ Member NJ, NY & FL Bars
o Member NJ, NY & CT Bars
† Certified by the Supreme Court of
  New Jersey as a Civil Trial Attorney

6 Campus Drive
Parsippany NJ  07054-4406

(973) 285-1919
FAX (973) 285-1177
gkar@gkar-law.com

Litman Suite
45 Broadway Atrium
New York NY  10006
(212) 406-1919

101 East Lancaster Avenue  Suite 304
Wayne PA  19087
(610) 902-0150
FAX (610) 902-0152
bridgelaw@msn.com

William G. Hanft ◊
Brian J. Bolan *
Michael S. Leavy ◊
William E. Marsala *
Stefanie A. Cartwright *

Harry Robinson, III
(1973-2000)

Mark M. Bridge □
Of Counsel
(PA managing attorney)

www.gkar-law.com

August 19, 2004

<u>VIA FAX AND REGULAR MAIL</u>
Dennis D'Antonio, Esq.
Weg and Myers
52 Duane Street
New York, NY 10007

|  | Re: | Insured: | Amerex Group, Inc. |
|---|---|---|---|
|  |  | D/O/L: | 8/3/01 |
|  |  | Loss Location: | 1500 Rahway Ave., Avenel, NJ |
|  |  | Our File No: | 02-5703:47/30-A |

Dear Mr. D'Antonio:

We are reluctantly required to adjourn the examinations under oath scheduled for August 24-26, 2004. Over the last several days, I have discussed the circumstances which compel the adjournment with your associate, Lisa Wall, and would now like to memorialize those reasons.

May I first say that the insurers are as interested in completing their investigation as the insured professes to be. Accordingly, at the earliest opportunity after the insured has fully responded to the insurers' requests for documents and information, we will proceed with the examinations. Until the examinations are completed, the insurers cannot determine the extent to which there are disagreements regarding the value of the insured's claim and any amount which may be due to the insured in excess of the $2.5 million it has already received from the primary insurer.

The Notice of Examination under Oath with a request for testimony from certain witnesses and the production of documents is dated February 10, 2004. Since that time, the insurers have been more than patient in awaiting the insured's compliance with the notice. We understand that the document requests were significant in number and that the insured has lost some key

August 19, 2004

Dennis D'Antonio, Esq.
Weg and Myers

Page Number 2

financial employees, as a result of which the insured's response to the document requests was significantly delayed.

The documents were not made available for preliminary inspection until July 26, 2004, when Peter Fogarty, the insurers' accountant, met with representatives of Amerex, including Messrs. Kranzler and Cohen. The dates for the examinations under oath were scheduled with the expectation that the insured's production of documents would be as complete as possible, and that the documents would be promptly copied or provided to the insurers' accountant so there would be sufficient time to analyze them befor the examinations under oath. Unfortunately, neither of our expectations have been met. For these reasons, along with the others stated below, we are required to adjourn the examinations.

From my conversations with Ms. Wall, I understand it to be the insured's position that "all of the documents" it has with regard to the claim have now been produced to our accountant for inspection, and that the insured "has no other documents." Accordingly, it is the insured's position that the examinations under oath should proceed next week. If that is, indeed, the insured's contention, it is plainly incorrect because: (1) there were documents physically present at the time of Mr. Fogarty's inspection which were not forwarded to him; and (2) there were other documents, not produced for inspection on July 26th, which Amerex's representatives agreed to search out and produce. Further detail regarding the documents and information as yet unprovided by the insured is set forth in Mr. Fogarty's letters to Stuart Cohen dated August 9 and August 17, 2004. I believe you have copies of both letters but if not, please let me know and I will forward them.

The documents and information requested by Mr. Fogarty are needed to fully analyze the insured's claims and to determine what issues remain open for exploration at examinations under oath. Proper preparation for the examinations requires that the insurers' representatives have the opportunity to review the additional documentation before the examinations commence. The documents will also help us to determine who must be examined under oath, what issues to explore, and otherwise enable the insurers to conduct such additional investigation as deemed necessary.

We have also been told by the insured's representatives that the current claim may be revised, but with no indication of when that decision might be made or the nature and extent of the revision. I am told this statement was made in a conversation between Mr. Fogarty and Mr. Kranzler. To my knowledge, no one has disputed that the statement was made, but despite several requests, the insured has not provided a definitive statement on this subject. It makes no sense to proceed with an analysis of the documentation already produced by the insured, and to proceed with examinations under oath, if the insured is contemplating significant claim revisions, as Mr.

August 19, 2004

Dennis D'Antonio, Esq.
Weg and Myers

Page Number 3

Kranzler's statement indicated was a possibility. Certainly, the insurers have a right to know what the claim is, and should not be required to analyze the insured's documents and question the insured's witnesses predicated on an outdated claim presentation. If the insured has further reviewed it claim and does not intend to revise it, please tell us; otherwise, we would provide a reasonable time for the insured to present its revised claim.

The insured's incomplete but substantial production of documents to Mr. Fogarty was not received until August 12, 2004. Given that the preliminary inspection was conducted on July 26, 2004, and based upon discussions during the inspection, we anticipated receipt of the documents by the end of July. As explained to Ms. Wall, the delayed receipt of the documents has interfered with the insurers' ability to proceed with the examinations under oath next week, also necessitating an adjournment of same.

As stated previously, as soon as these issues are resolved, we are prepared to schedule and conduct the examinations under oath.

At the insured's request, the insurers have previously extended the time for the insured to file any legal action which may be necessary. The insurers are willing to consider a further request for an extension to allow the completion of the investigation process and to allow for notification of the claims decision.

Should you wish to discuss any of the foregoing, please give me a call. In any event, I look forward to hearing from you at your earliest convenience.

All actions by and behalf of Lexington Insurance Company and ACE-Westchester Specialty Group are without prejudice. All rights and defenses under the policies of insurance are specifically reserved and none has been waived.

Very truly yours,

GENNET, KALLMANN, ANTIN & ROBINSON

By: _____

MARK L. ANTIN

MLA:dbb