UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK L. ANTIN, ESQ.
MICHAEL S. LEAVY, ESQ.
GENNET, KALLMANN, ANTIN & ROBINSON, P.C.
45 Broadway
New York, New York 10006
(212) 406-1919

---------------------------------------------------------------X
AMEREX GROUP, INC. and
AMEREX USA, INC.,

                         Plaintiffs,

     -against-

LEXINGTON INSURANCE COMPANY and
WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

                         Defendants.
---------------------------------------------------------------X

07 cv 3259 (HB)

**ANSWER TO
AMENDED COMPLAINT**

JURY TRIAL DEMANDED

Defendants LEXINGTON INSURANCE COMPANY ("LEXINGTON") and WESTCHESTER SURPLUS LINES INSURANCE COMPANY ("WESTCHESTER"), by their attorneys, GENNET, KALLMANN, ANTIN, & ROBINSON, as for their Answer to the Amended Complaint herein, state upon information and belief as follows:

    1.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted.

    2.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted.

    3.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted.

4. Admitted, but refer to the LEXINGTON policy of insurance for its terms and conditions.

5. Admitted, but refer to the WESTCHESTER policy of insurance for its terms and conditions.

6. No response is necessary.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Denied.

13. Admitted

14. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted.

16. Defendants admit the date of the accident and that the rack collapse activated a sprinkler system. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the balance of the matters asserted in this paragraph.

17. Defendants admit some impact to the insured's computer system, but deny knowledge or information sufficient to form a belief as to the truth or falsity of the balance of the matters asserted in this paragraph.

18. Defendants deny knowledge or information sufficient to form a belief as to the

truth or falsity of the matters asserted.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted.

21. Admitted

22. Admitted.

23. Admitted.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted except admit that neither LEXINGTON nor WESTECHESTER has made payment to AMEREX.

## AS AND FOR A RESPONSE TO THE FIRST CLAIM AGAINST LEXINGTON

25. Defendants repeat, reiterate and re-allege each and every response to the allegations contained in paragraphs 1 through 24 herein above, with the same force in effect as though more fully set forth herein.

26. Admitted, except denied that plaintiffs' losses implicate the LEXINGTON policy.

27. Denied.

28. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted.

29. Denied, except admitted that LEXINGTON has not made payment to AMEREX.

30. Denied.

31. Denied.

## AS AND FOR A RESPONSE TO THE SECOND CLAIM AGAINST WESTCHESTER

32. Defendants repeat, reiterate and re-allege each and every response to the allegations contained in paragraphs 1 through 31 herein above, with the same force in effect as though more fully set forth herein.

33. Admitted, except denied that plaintiffs' losses implicate the WESTCHESTER policy.

34. Denied.

35. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted.

36. Denied, except admits that WESTCHESTER has not made payment to AMEREX

37. Denied.

38. Denied.

## AS AND FOR IN RESPONSE TO THE THIRD CLAIM AGAINST LEXINGTON

39. Defendants repeat, reiterate and re-allege each and every response to the allegations contained in paragraphs 1 through 38 herein above, with the same force in effect as though more fully set forth herein.

40. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted as to AMEREX GROUP.

41. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted.

42. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted.

43. Defendants deny knowledge or information sufficient to form a belief as to the

truth or falsity of the matters asserted.

44. Denied.

45. No response is necessary.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

46. Plaintiffs have failed to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

47. Defendants have duly demanded appraisal proceedings to determine the amount of loss, which would resolve all issues in controversy, and bar this suit.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

48. The applicable policies of insurance provide that legal action may not be brought unless there is full compliance with all the terms of the applicable policies of insurance.

49. Plaintiffs failed to comply with applicable policy terms and conditions.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

50. The applicable policies of insurance require that the plaintiff cooperate with the insurers' investigation of the claim, including producing for examination all books of account, records, invoices, bills, vouchers, bills of lading, packing lists, duty reports, delivery receipts, non-delivery claims, claims against transporting carriers, statements of claim, certificates of insurance, repair bills, surveyors' certificates, correspondence, reports and information relevant to the loss or damage, and the like.

51. Plaintiffs failed to cooperate with the insurers' investigation of the claim.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

52. Plaintiffs spoliated evidence material and necessary to support their claim and to defend this action, particularly certain business records, which they knew or reasonably should

have known would be pertinent to the claim.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

53. Plaintiffs have failed to perform and satisfy the conditions precedent to commencing suit.

WHEREFORE, Defendants pray for dismissal of the Complaint in its entirety, for fees and costs, and for such other further and different relief as the Court deems just and proper.

Dated: New York, New York
June 5, 2007

GENNET, KALLMANN, ANTIN & ROBINSON

By /s/ Mark L. Antin
MARK L. ANTIN (MA 0427)
MICHAEL S. LEAVY (ML 6150)
Attorneys for Defendants
Litman Suite
45 Broadway Atrium
New York, New York 10006
(212) 406-1919

## AFFIRMATION OF SERVICE

MARK L. ANTIN, an attorney admitted to practice before the courts of the State of New York and the U.S. District Court for the Southern District of New York, hereby affirms the truth of the following under the penalties of perjury:

I am a shareholder in the law firm of Gennet, Kallmann, Antin & Robinson, P.C., attorneys of record for the Defendant, Lexington Insurance Company and Westchester Surplus Lines Insurance Company.

That on June 5, 2007, I served a true copy of the annexed Answer to Amended Complaint and Rule 7.1 Statement, placing same in a sealed envelope with postage prepaid thereon in a Post Office or an official depository of the US Postal Service, addressed to the last known address of the addressees set forth below:

Janese N. Thompson
Weg and Myers, P.C.
52 Duane Street
New York, NY 10007

MARK L. ANTIN (MA 0427)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK L. ANTIN, ESQ.
MICHAEL S. LEAVY, ESQ.
GENNET, KALLMANN, ANTIN & ROBINSON, P.C.
45 Broadway
New York, New York 10006
(212) 406-1919

-----------------------------------------------------------------X

AMEREX GROUP, INC. and                                    07 cv 3259 (HB)
AMEREX USA, INC.,

                Plaintiffs,

                                             **RULE 7.1 STATEMENT**

                -against-

LEXINGTON INSURANCE COMPANY and
WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

                Defendants.
-----------------------------------------------------------------X

       Defendants LEXINGTON INSURANCE COMPANY ("LEXINGTON") and WESTCHESTER SURPLUS LINES INSURANCE COMPANY ("WESTCHESTER"), by their attorneys, GENNET, KALLMANN, ANTIN, & ROBINSON, as for their statement pursuant to Fed. R. Civ. P. 7.1, state as follows:

       1.     Lexington Insurance Company is a member company of American International Group (traded as AIG).

2.   Westchester Surplus Lines is a program division of ACE INA Holdings, Inc., which is in turn owned by ACE Ltd. (traded as ACE).

Dated: New York, New York
       June 5, 2007

                                      GENNET, KALLMANN, ANTIN & ROBINSON

                                      By: _____
                                      MARK L. ANTIN (MA 0427)
                                      MICHAEL S. LEAVY (ML 6150)
                                      Attorneys for Defendants
                                      Litman Suite
                                      45 Broadway Atrium
                                      New York, New York 10006
                                      (212) 406-1919