## Weg and Myers, P.C.

ATTORNEYS AT LAW
FEDERAL PLAZA
52 DUANE STREET, NEW YORK, NEW YORK 10007
(212) 227-4210
FAX: 212-349-6702
WWW.WEGANDMYERS.COM

CONNECTICUT AFFILIATE
LAW OFFICE OF
**BRIAN D. ROSENFELD**
16 RIVER STREET
NORWALK, CT 06850
(203) 853-3886

NEW JERSEY AFFILIATE
LAW OFFICE OF
**MASELLI-WARREN, P.C.**
600 ALEXANDER ROAD
PRINCETON, NJ 08540
(609) 452-8411

June 22, 2007

**VIA FACSIMILE (973) 285-1177 & REGULAR MAIL**
Michael S. Leavy, Esq.
Gennet, Kallmann, Antin & Robinson, P.C.
6 Campus Drive, 2nd Floor
Parsippany, New Jersey 07054-4406

Re: Amerex Group, Inc. and Amerex USA INC
v. Lexington Insurance Company
Westchester Surplus Lines Insurance Company
Civil Action No.: 07 CV 3259
Our File No. 04-109

Dear Mr. Leavy:

By letter dated June 4, 2007, defendants Lexington Insurance Company and Westchester Surplus Lines Insurance Company (collectively "defendants") demanded an appraisal of the amount of loss suffered by Amerex Group, Inc., and Amerex USA INC (collectively "AMEREX" or "plaintiffs").

On June 7, 2007 we had a conversation regarding discovery, the proposed pretrial scheduling order, the motion to compel an appraisal that might be made and defendants demand for an appraisal. The sum and substance of the June 7, 2007 conversation was memorialized in our letter to you dated June 11, 2007.

Notwithstanding our conversation of June 7, 2007, as memorialized in the June 11, 2007 letter, your letter dated June 12, 2007 contradicts what we discussed. Contrary to your assertions, in our June 7, 2007 conversation we agreed to a briefing schedule if defendants made a motion to compel an appraisal which we would offer to Judge Baer at the June 28, 2007 scheduling conference. Furthermore, we discussed that if an agreement was reached regarding an appraisal proceeding, the appraisal would resolve the entire claim and all coverage defenses would be waived. Additionally, during our conversation we agreed that if an appraisal proceeding was going to be conducted and the appraisers selected by the respective parties could not agree on a competent and disinterested umpire, such an umpire should be named by the Court where this action is pending. Contrary to your June 12, 2007

*Weg and Myers, P.C.*

Michael S. Leavy, Esq.
Gennet, Kallmann, Antin & Robinson, P.C.
Re: Amerex
June 22, 2007

Page 2

letter, we agreed that if an appraisal proceeding took place it would resolve the entire claim and all coverage defenses would be waived.

First, your demand for an appraisal of the amount of the loss suffered by AMEREX is untimely. The loss occurred on August 3, 2001 and defendants have waited until almost six (6) years later to demand same. Plaintiffs have commenced a lawsuit and it is only after the commencement of this lawsuit that defendants now demand an appraisal to further delay the resolution of this claim. Defendants have conducted a lengthy investigation of this claim, yet, at no time prior to suit had defendants demanded an appraisal of the amount of loss suffered by AMEREX.

Second, since defendants have breached the contract they are estopped from proceeding with an appraisal pursuant to the contractual terms and conditions of the policy.

Third, defendants seek an appraisal not to resolve the entire claim but solely for the purposes of addressing the damages in this case. In your letter dated June 12, 2007, in pertinent part, you stated that the appraisal proceeding would not concern any coverage defenses and that the appraisal process would not resolve the entire claim, but only the amount of damages. Furthermore, a subsequent conversation with Mark Antin, Esq. and Dennis D'Antonio, Esq. confirms that if an appraisal was done and the defendants were not satisfied with the outcome then the lawsuit would continue. This is evident that the defendants are not in the spirit of resolving this claim and demands appraisal only to further prolong the claim and frustrate plaintiffs prosecution of this action and as such an appraisal proceeding would be impractical at this juncture of the claim.

In light of the foregoing, on behalf of AMEREX we hereby reject defendants demand for an appraisal of the amount of the loss.

Very truly yours,

WEG AND MYERS, P.C.

By _____
Janese N. Thompson

/JNT

# WEG AND MYERS, P.C
## ATTORNEYS AT LAW

FEDERAL PLAZA
52 DUANE STREET, NEW YORK, NEW YORK 10007
PHONE: (212) 227-4210     FAX: (212) 349-6702
E-MAIL: WEGMYERS@AOL.COM



## FAX COVER SHEET

DATE: June 22, 2007                            FAX NO.: (973) 285-1177

TO:   Michael Levy
      Gennet, Kallmann, Antin & Robinson

FROM: Janese Thompson

MESSAGE:

See attached letter.

NO. OF PAGES (INC. COVER SHEET):
ORIGINAL MAILED:    Yes

THIS IS A PERSONAL AND CONFIDENTIAL COMMUNICATION AND CONSTITUTES ATTORNEY-CLIENT MATERIAL AND/OR ATTORNEY WORK PRODUCT MATERIAL (WHICH ALL CONSTITUTE LEGALLY PRIVILEGED MATERIAL). IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE PROHIBITED FROM RETAINING AND/OR READING AND/OR DISSEMINATING THE CONTENTS HEREOF. IN SUCH CASE RETURN THIS COMMUNICATION AND ANY COPIES THEREOF THAT MAY HAVE BEEN MADE BY U.S. MAIL TO THIS OFFICE AT THE ADDRESS ABOVE STATED. PLEASE CALL AND ADVISE THE WRITER OF SUCH OCCURRENCE. THANK YOU.