# *Lexington* Insurance Company

*100 Summer Street*
*Boston, MA  02110*
*National Branch Fax 617-330-8285*
*Phone 617-330-1100*

May 21, 2007

Gennet, Kallmann, Antin & Robinson, P.C.
6 Campus Drive
Parsippany, NJ  07054

*Attn: Mark L. Antin, Esq.*
Re:  Amerex USA Inc.
Policy No.: 8525713

## PLEASE FORWARD:

\_\_\_  Copy of Primary Policy
\_\_\_  Copy of Manuscript Form
\_\_\_  Certificate of Reinsurance
\_\_\_  Complete and Clear Copy of Schedule of Vehicles for File
\_\_\_  Monthly Report of Values
\_\_\_  Current Financial and MVRS on All Drivers
\_\_\_  Signed Terrorism Rejection Letter
\_\_\_  Surplus Lines Filings Form
\_\_\_  Other:

## ATTACHED PLEASE FIND:

\_\_\_  Copy of Lexington Policy
\_\_\_  Endorsement(s):
\_\_\_  Copy of Lexington Binder and/or Billing(s)
\_\_\_  Memorandum of Facultative Reinsurance Agreement
\_x\_  **Other: Copy of Certified Policy**

Regards,

Meghan Jodoin

## POLICY CERTIFICATION

KNOW ALL MEN THAT:

The undersigned is an Underwriter in the National Branch of Lexington Insurance Company and hereby certifies that the attached material is a true and correct copy of Lexington Insurance Company Policy No. 8525713, including all endorsements thereto, as determined from the records of Lexington Insurance Company, issued to Amerex USA Inc, 1500 Rahway Avenue, Avenel, NJ 07001 with an effective date of 06/15/2001 to 06/15/2002.

IN WITNESS WHEREOF, I have hereunto subscribed my name this 21st day of May, 2007.

Harriet Dexter
Underwriter – National Branch
Lexington Insurance Company

Commonwealth of Massachusetts)
                              ) ss.
County of Suffolk             )

On this 21st day of May, 2007, before the undersigned personally appeared Harriet Dexter, to me known to be the person described in the foregoing instrument and acknowledged by executing said instrument that the attached material is a true and correct copy of Policy No. 8525713 issued by Lexington Insurance Company as determined from the records and that she executed the same as her free act and deed.

Stephen Raymond
Notary Public
My commission expires: August 23, 2013

# LE  NGTON INSURANCE COMPANY
## (A DELAWARE CORPORATION)
## (A STOCK INSURANCE COMPANY)
### Administrative Office 200 State Street, Boston, Massachusetts 02109
## COMMERCIAL PROPERTY POLICY
## DECLARATIONS

POLICY NUMBER:   8525713                                   RENEWAL OF:

ITEM 1.    Named Insured:   AMEREX USA INC

          Address:        1500 RAHWAY AVENUE

                   AVENEL              NJ 07001

ITEM 2.    Policy Period:
          From 06/15/01                    To 06/15/02
          at 12:01 A.M. Standard Time at the address of the named insured shown above.

ITEM 3.    Limit of Insurance:
          $5,000,000. P/O $10,000,000. PER OCC. X/S OF $2,500,000. PRIMARY ON REAL, PP
          & BI, AND X/S OF $10,000,000. PRIMARY ON STOCK; & IN ANN. AGG FLOOD & EQ.

          Total Premium          $40,000     Minimum Earned Premium          $10,000

ITEM 4.    Perils:
          ALL RISK OF DIRECT PHYSICAL LOSS OR DAMAGE INCLUDING FLOOD AND EARTHQUAKE,
          EXCLUDING EARTHQUAKE IN THE STATE OF WASHINGTON

ITEM 5.    Description of Property Covered:                                   Coinsurance
          BUILDINGS, CONTENTS, BI, AND STOCK USUAL TO A GARMENT DISTRUBUTOR,
          SITUATE AVENAL, NJ & MERCER ISLAND, WA AS PER SCHEDULE ON FILE WITH
          THIS COMPANY.

ITEM 6.    Mortgagee Clause: Loss, if any shall be payable to:

ITEM 7.    Forms Attached:

          See attached forms schedule

PRPDEC(Ed.01/91)                                   Authorized Representative OR
LX1119                                             Countersignature (In states where applicable)

# FORMS SCHEDULE

**Named Insured:** AMEREX USA INC.

**Policy No.:** 8525713                                          **Effective Date:**    06/15/2001

| Form Number | Edition Date | Endorsement Number | Title |
|---|---|---|---|
| PRPDEC | 01/91 | | PROPERTY DEC |
| PR9015 | 01/91 | | POLLUTION CONTAMINATION FORM |
| PR9019 | 01/94 | | STANDARD PROPERTY CONDITIONS |
| Y69859 | 02/98 | | PROPERTY MILLENNIUM END |
| PR9014 | 01/91 | | OCCURRENCE LIMIT OF LIABILITY |
| CP0121 | 07/88 | | STANDARD FIRE POLICY PROVISION |
| | | ENDT#BMF | EXCESS COVERAGE ENDORSEMENT |

DOC018(ED.12/87)
LX0295

## POLL_TION, CONTAMINATION, DEBRIS REM_VAL
## EXCLUSION ENDORSEMENT

1.    Property Not Covered

This policy does not cover land, land values or water.

2.    Pollution and Contamination Exclusion.

This policy does not cover loss or damage caused by, resulting from, contributed to or made worse by actual, alleged or threatened release, discharge, escape or dispersal of CONTAMINANTS or POLLUTANTS, all whether direct or indirect, proximate or remote or in whole or in part caused by, contributed to or aggravated by any physical damage insured by this policy.

Nevertheless, if fire is not excluded from this policy and a fire arises directly or indirectly from seepage or con- tamination or pollution, any loss or damage insured under this policy arising directly from that fire is insured, subject to the provisions of this policy.

CONTAMINANTS or POLLUTANTS means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste, which after its release can cause or threaten damage to human health or human welfare or causes or threatens damage, deterioration, loss of value, marketability or loss of use to property insured hereunder, including, but not limited to, bacteria, fungi, virus, or hazardous substances as listed in the Federal Water, Pollution Control Act , Clean Air Act, Resource Conserva- tion and Recovery Act of 1976, and Toxic Substances Control Act or as designated by the U. S. Environmental Protection Agency.  Waste includes materials to be recycled, reconditioned or reclaimed.

This exclusion shall not apply when loss or damage is directly caused by fire, lightning, aircraft impact, explosion, riot, civil commotion, smoke, vehicle impact, windstorm, hail, vandalism, malicious mischief.  This exclusion shall also not apply when loss or damage is directly caused by leakage or accidental discharge from automatic fire protective systems.

3.    Asbestos Exclusions

This policy does not cover -

a)    Asbestos, dioxin or polychlorinated biphenols (hereinafter all referred to as "Materials") removal from any good, product or structure unless the asbestos is itself damaged by fire, lightning, aircraft impact, explosion, riot, civil commotion, smoke, vehicle impact, windstorm or hail, vandalism, malicious mischief, leakage or accidental discharge from automatic fire protective system.

b)    Demolition or increased cost of reconstruction, repair, debris removal or loss of use necessitated by the enforcement of any law or ordinance regulating such Materials;

c)    Any governmental direction or request declaring that such Materials present in or part of or utilized on any undamaged portion of the insured's property can no longer be used for the purpose for which it was intended or installed and must be removed or modified.

The coverage afforded does not apply to payment for the investigation or defense of any loss, damage or any cost, loss of use expense, fine or penalty or for any expense or claim or suit related to any of the above.

4.    Debris Removal Exclusion

The Company will pay the expense within the sum insured to remove debris of insured property damaged or de- stroyed by an insured peril during the policy term.

The Company will not pay the expense to:

a)    Extract contaminants or pollutants from the debris; or

b)    Extract contaminants or pollutants from land or water; or

c)    Remove, restore or replace contaminated or polluted land or water; or

1 of 2

PR9015(Ed.01/91)
LX1093

d) Remove or transport any property or debris to a site for storage or decontamination required because the property or debris is affected by pollutants or contaminants, whether or not such removal, transport, or decontamination is required by law or regulation.

It is a condition precedent to recovery under this extension that the Company shall have paid or agreed to pay for direct physical loss or damage to the property insured hereunder and that the Insured shall give written notice to the Company of intent to claim for cost of removal of debris or cost to clean up not later than 180 days after the date of such physical loss or damage.

5. Authorities Exclusion

Notwithstanding any of the provisions of this policy, the Company shall not be liable for loss, damage, costs, expenses, fines or penalties incurred or sustained by or imposed on the Insured at the order of any Government Agency, Court or other Authority arising from any cause whatsoever.

PR9015(Ed.01/91)
LX1093

# LEXINGTON
## Standard Property Conditions

This endorsement effective 06/15/01 , forms a part of Policy Number 8525713

issued to AMEREX USA INC                                                      by

LEXINGTON INSURANCE COMPANY (hereinafter called "the Company").

In consideration of the premium charged, the following clauses are hereby made applicable under this policy.

### MINIMUM EARNED PREMIUM CLAUSE

In the event of cancellation of this policy by the Insured, a minimum premium of          $10,000 shall become earned, any provision of the policy to the contrary notwithstanding.

Failure of the Insured to make timely payment of premium shall be considered a request by the Insured for the Company to cancel on the Insured's behalf. In the event of such cancellation for non-payment of premium, the minimum earned premium shall be due and payable; provided, however, such cancellation shall be rescinded if the Insured remits and the Company receives the full policy premium with 10 days after the date of issuance of the cancellation notice. Such re-mittance and acceptance by the Company shall not effect the minimum earned premium provision of this endorsement. In the event of any other cancellation by the Company, the earned premium shall be computed pro-rata, not subject to the minimum earned premium.

### POLICY DEDUCTIBLE

Each claim for loss or damage separately occurring shall be adjusted separately and from each such adjusted claim, the amount of          $2,500,000 shall be deducted. Notwithstanding the foregoing, the deductible amount applying to certain peril(s) insured against by this policy shall be as follows:

deductible applying to  X/S $2,500,000. REAL, PP, BI;
deductible applying to  X/S $10,000,000. STOCK & X/S UNDERLYING
deductible applying to  DEDUCTIBLES
deductible applying to
deductible applying to

In the event of any other insurance covering the property insured hereunder, whether or not concurrent, the deductible(s) specified herein shall apply in full against that portion of any claim for loss or damage which the Company is called upon to pay under the provisions of the Apportionment Clause irrespective of any provisions to the contrary of such other insurance.

### CANCELLATION CLAUSE

Except and to the extent of the Minimum Earned Premium Clause which is part of this policy, this clause supersedes other cancellation clauses made a part of this policy.

CANCELLATION: This policy may be cancelled by the Insured by surrender thereof to the Company or by mailing to the Company written notice stating when thereafter such cancellation shall be effective. This policy may be cancelled by the Company by mailing to the Insured, at the mailing address shown in this policy or last known address, written notice, stating when, not less than     60 days thereafter (10 days for non-payment of premium) such cancellation shall be ef-fective. The effectiveness of cancellation is not dependent on the return of unearned premium with the notice. Proof of mailing of notice as aforesaid shall be sufficient proof of notice. The effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the Insured or the Company shall be equivalent to mailing. If the Insured cancels, earned premium shall be computed in accordance with the cus-tomary short rate table and procedure.  If the Company cancels, earned premium shall be computed pro rata.  Premium adjustment shall be made as soon as practicable after cancellation becomes effective.

### SERVICE OF SUIT CLAUSE

Service of Suit: In the event of failure of the Company to pay any amount claimed to be due hereunder, the Company, at the request of the Insured, will submit to the jurisdiction of a court of competent jurisdiction within the United States. Nothing in this condition constitutes or should be understood to constitute a waiver of the Company's rights to com-mence an action in any court of competent jurisdiction in the United States to remove an action to a United States District Court or to seek a transfer of a case to another court as permitted by the laws of the United States or of any state in the United States. It is further agreed that service or process in such suit may be made upon Counsel, Legal Department, Lexington Insurance Company, 200 State Street, Boston, Massachusetts, 02109, or his or her represen-tative, and that in any suit instituted against the Company upon this policy, the Company will abide by the final decision

PR9019 (Ed.01/94)
LX1101

of such court or of any appellate court in the event of an appeal.

Further, pursuant to any statute of any state, territory, or district of the United States which makes provision therefor, the Company hereby designates the Superintendent, Commissioner or Director of Insurance, other officer specified for that purpose in the statute, or his successor or successors in office as its true and lawful attorney upon whom may be served any lawful process in any action, suit, or proceeding instituted by or on behalf of the Insured or any beneficiary hereunder arising out of this policy of insurance and hereby designates the above named Counsel as the person to whom the said officer is authorized to mail such process or a true copy thereof.

## WAR RISK EXCLUSION CLAUSE

The Company shall not be liable for any loss, caused directly or indirectly, by (1) hostile or warlike action in time of peace or war, whether or not declared, including action in hindering, combating or defending against an actual, impending or expected attack (a) by government or sovereign power (dejure or de facio) or by any authority maintaining or using military, naval or air forces; or (b) by military, naval or air forces; or (c) by an agent of any such government, power, authority or force (2) any weapon of war employing atomic fission or radioactive force whether in time of peace or war, whether or not its discharge was accidental; (3) insurrection, rebellion, revolution, civil war, usurped power, or action taken by government authority in hindering, combating, or defending against such an occurrence, seizure or destruction; (4) any consequence of any of the foregoing.

## NUCLEAR EXCLUSION CLAUSE

The Company shall not be liable for loss by nuclear reaction or nuclear radiation or radioactive contamination all whether controlled or not, and whether such loss be direct or indirect, proximate or remote, or be in whole or in part caused by, contributed to, or aggravated by the peril(s) insured against in this policy. If the peril of fire is insured under this policy, then, subject to the foregoing and all provisions of this policy, direct loss by fire resulting from nuclear reaction or nuclear radiation or radioactive contamination is insured against by this policy.

## SALVAGE AND RECOVERY CLAUSE

All salvages, recoveries and payments recovered or received either prior or subsequent to a loss settlement under this policy shall be applied as if recovered or received prior to the said settlement and all necessary adjustments shall be made by the parties hereto, including deduction of the Company's cost of recovery or salvage.

## REPORTING CLAUSE

Notwithstanding that the Insured may be obligated to report full values for premium purposes, the Company's maximum limit of liability shall not exceed that amount stated as the policy limit of liability.

## PROOF OF LOSS AND PAYMENT

The Insured shall complete and sign a sworn proof of loss within ninety (90) days after the occurrence of a loss (unless such period be extended by the written agreement of the Company) stating the time, place and cause of loss, the interest of the Insured and of all others in the property, the sound value thereof and the amount of loss or damage thereto, and all other insurance thereon. All adjusted claims shall be due and payable thirty (30) days after the presentation and acceptance of satisfactory proof(s) of loss at the office of the Company at 200 State Street, Boston, Massachusetts 02109

## GOVERNMENT ACTIVITY CLAUSE

The Company shall not be liable for loss or damage caused by or resulting from: (1) the seizure or destruction of property insured by this policy by any government body, including any customs or quarantine action, or (2) confiscation or destruction of any property by order of any government or public authority, except an order to destroy property to prevent the spread of fire or explosion.

IN WITNESS HEREOF, we have caused this policy to be executed and attested, but this policy shall not be valid unless countersigned in the Declarations by one of our duly authorized representative.


Elizabeth M. Tuck
Secretary

L. H. Ludley
Chairman of the Board and CEO


2 of 2

PR9019 (Ed.01/94)
LX1101

**ENDORSEMENT**

**This endorsement, effective 12:01 AM** 06/15/2001

**Forms a part of policy no.:**  8525713

**Issued to:** AMEREX USA INC

**By:** LEXINGTON INSURANCE COMPANY

## PROPERTY MILLENNIUM ENDORSEMENT

It is noted and agreed this policy is hereby amended as follows:

A. The Insurer will not pay for Damage or Consequential Loss directly or indirectly caused by, consisting of, or arising from, the failure of any computer, data processing equipment, media microchip, operating systems, microprocessors (computer chip), integrated circuit or similar device, or any computer software, whether the property of the Insured or not, and whether occurring before, during or after the year 2000 that results from the inability to:

   1. correctly recognize any date as its true calendar date;

   2. capture, save, or retain, and/or correctly manipulate, interpret or process any data or information or command or instruction as a result of treating any date other than its true calendar date; and/or

   3. capture, save, retain or correctly process any data as a result of the operation of any command which has been programmed into any computer software, being a command which causes the loss of data or the inability to capture, save, retain or correctly process such data on or after any date.

B. It is further understood that the Insurer will not pay for the repair or modification of any part of an electronic data processing system or its related equipment, to correct deficiencies or features of logic or operation.

C. It is further understood that the Insurer will not pay for Damage or Consequential Loss arising from the failure, inadequacy, or malfunction of any advice, consultation, design, evaluation, inspection, installation, maintenance, repair or supervision done by the Insured or for the Insured or by or for others to determine, rectify or test, any potential or actual failure, malfunction or inadequacy described in A. above.

Such Damage or Consequential Loss described in A, B, or C above, is excluded regardless of any other cause that contributed concurrently or in any other sequence.

This endorsement shall not exclude subsequent Damage or Consequential Loss, not otherwise excluded, which itself results from a Defined Peril. Defined Peril shall mean fire, lightning, explosion aircraft or vehicle impact, falling objects, windstorm, hail, tornado, hurricane, cyclone, riot, strike, civil commotion, vandalism, malicious mischief, earthquake, volcano, tsunami, freeze or weight of snow.

In consequence of all the foregoing the Annual Premium remains unaltered.

All other terms, conditions and exclusions of this policy remain unchanged.

69859 (2/98)

AUTHORIZED REPRESENTATIVE
OR Countersignature (In states where applicable)

ENDORSEMENT

**This endorsement, effective 12:01 AM** 06/15/2001

**Forms a part of policy no.:** 8525713

**Issued to:** AMEREX USA INC

**By:** LEXINGTON INSURANCE COMPANY

## OCCURRENCE LIMIT OF LIABILITY ENDORSEMENT

It is understood and agreed that the following special terms and conditions apply to this policy:

1.  The limit of liability or Amount of Insurance shown on the face of this policy, or endorsed onto this policy, is the total limit of the Company's liability applicable to each occurrence, as hereafter defined. Notwithstanding any other terms and conditions of this policy to the contrary, in no event shall the liability of the Company exceed this limit or amount irrespective of the number of locations involved.

    The term "occurrence" shall mean any one loss, disaster, casualty or series of losses, disasters, or casualties, arising out of one event. When the term applies to loss or losses from the perils of tornado, cyclone, hurricane, windstorm, hail, flood, earthquake, volcanic eruption, riot, riot attending a strike, civil commotion, and vandalism and malicious mischief one event shall be construed to be all losses arising during a continuous period of 72 hours. When filing proof of loss, the Insured may elect the moment at which the 72 hour period shall be deemed to have commenced, which shall not be earlier than the first loss to the covered property occurs.

2.  The premium for this policy is based upon the Statement of Values on file with the Company, or attached to this policy. In the event of loss hereunder, liability of the Company, subject to the terms of paragraph one (1) above, shall be limited to the least of the following:

    a.  The actual adjusted amount of loss, less applicable deductible(s).

    b.  The total stated value for the property involved, as shown on the latest Statement of Values on file with the Company, less applicable deductible(s).

    c.  The limit of Liability or Amount of Insurance shown on the face of this policy or endorsed onto this policy.

PR9014(Ed.01/91)
LX1083

**THIS ENDORSEMEN. .CHANGES THE POLICY. PLEASE REA. . CAREFULLY.**

## STANDARD FIRE POLICY PROVISIONS

This endorsement modifies insurance provided under the following:

COMMERCIAL PROPERTY COVERAGE PART

The provisions of the Standard Fire Policy are stated below. <u>State law still requires that they be attached to all policies.</u> If any conditions of this form are construed to be more liberal than any other policy conditions relating to the perils of fire, lightning or removal, the conditions of this form will apply.

IN CONSIDERATION OF THE PROVISIONS AND STIPULATIONS HEREIN OR ADDED HERETO, AND OF THE PREMIUM SPECIFIED in the Declarations or in endorsements made a part hereof, this Company, for the term of **years specified in the Declarations** from **inception date shown in the Declarations** At Noon (Standard Time) to **expiration date shown in the Declarations** At Noon (Standard Time) at location of property involved, to an amount not exceeding the limit of liability specified in the Declarations, does **insure the Insured named in the Declarations** and legal representatives, to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss, without allowance for any increased cost of repair or recon-struction by reason of any ordinance or law regulating construction or repair, and without compensation for loss resulting from interruption of business or manufacture, nor in any event for more than the interest of the Insured, against all DIRECT LOSS BY FIRE, LIGHTNING AND OTHER PERILS INSURED AGAINST IN THIS POLICY INCLUDING REMOVAL FROM PREMISES ENDANGERED BY THE PERILS INSURED AGAINST IN THIS POL-ICY, EXCEPT AS HEREINAFTER PROVIDED, to the property described in the Declarations while located or contained as described in this policy, or pro rata for five (5) days at each proper place to which any of the property shall necessarily be removed for preservation from the perils insured against in this policy, but not elsewhere.

Assignment of this policy shall not be valid except with the written consent of this Company.

This policy is made and accepted subject to the foregoing provisions and stipulations and those hereinafter stated, which are hereby made a part of this policy, together with such other provisions, stipulations and agree-ments as may be added hereto, as provided in this policy.

| | | |
|---|---|---|
| 1 | **Concealment,** | This entire policy shall be void if, whether |
| 2 | **fraud.** | before or after a loss, the Insured has wil- |
| 3 | | fully concealed or misrepresented any ma- |
| 4 | terial fact or circumstance concerning this insurance or the | |
| 5 | subject thereof, or the interest of the Insured therein, or in case | |
| 6 | of any fraud or false swearing by the Insured relating thereto. | |
| 7 | **Uninsurable** | This policy shall not cover accounts, bills, |
| 8 | **and** | currency, deeds, evidences of debt, money or |
| 9 | **excepted property.** | securities; nor, unless specifically named |
| 10 | | hereon in writing, bullion or manuscripts. |
| 11 | **Perils not** | This Company shall not be liable for loss by |
| 12 | **included.** | fire or other perils insured against in this |
| 13 | | policy caused, directly or indirectly, by: (a) |
| 14 | enemy attack by armed forces, including action taken by mili- | |
| 15 | tary, naval or air forces in resisting an actual or an immediately | |
| 16 | impending enemy attack; (b) invasion; (c) insurrection; (d) | |
| 17 | rebellion; (e) revolution; (f) civil war; (g) usurped power; (h) | |
| 18 | order of any civil authority except acts of destruction at the time | |
| 19 | of and for the purpose of preventing the spread of fire, provided | |
| 20 | that such fire did not originate from any of the perils excluded | |
| 21 | by this policy; (i) neglect of the Insured to use all reasonable | |
| 22 | means to save and preserve the property at and after a loss, or | |
| 23 | when the property is endangered by fire in neighboring prem- | |
| 24 | ises; (j) nor shall this Company be liable for loss by theft. | |

1 of 4

CP0121(Ed.07/88)
LX1099

| | | |
|---|---|---|
| 25 | **Other Insurance.** | Other insurance may be prohibited or the |
| 26 | | amount of insurance may be limited by en- |
| 27 | dorsement attached hereto. | |
| 28 | **Conditions suspending or restricting insurance. Unless other-** | |
| 29 | **wise provided in writing added hereto this Company shall not** | |
| 30 | **be liable for loss occurring** | |
| 31 | (a) while the hazard is increased by any means within the con- | |
| 32 | trol or knowledge of the Insured; or | |
| 33 | (b) while a described building, whether intended for occupancy | |
| 34 | by owner or tenant, is vacant or unoccupied beyond a period of | |
| 35 | sixty (60) consecutive days; or | |
| 36 | (c) as a result of explosion or riot, unless fire ensue, and in | |
| 37 | that event for loss by fire only. | |
| 38 | **Other perils** | Any other peril to be insured against or sub- |
| 39 | **or subjects.** | ject of insurance to be covered in this policy |
| 40 | | shall be by endorsement in writing hereon or |
| 41 | added hereto. | |
| 42 | **Added provisions.** | The extent of the application of insurance |
| 43 | | under this policy and of the contribution to |
| 44 | be made by this Company in case of loss, and any other pro- | |
| 45 | vision or agreement not inconsistent with the provisions of this | |
| 46 | policy, may be provided for in writing added hereto, but no pro- | |
| 47 | vision may be waived except such as by the terms of this policy | |
| 48 | is subject to change. | |
| 49 | **Waiver** | No permission affecting this insurance shall |
| 50 | **provisions.** | exist, or waiver of any provision be valid, |
| 51 | | unless granted herein or expressed in writing |
| 52 | added hereto.  No provision, stipulation or forfeiture shall be | |
| 53 | held to be waived by any requirement or proceeding on the part | |
| 54 | of this Company relating to appraisal or to any examination | |
| 55 | provided for herein. | |
| 56 | **Cancellation** | This policy shall be cancelled at any time |
| 58 | **of policy.** | at the request of the Insured, in which case |
| 58 | | this Company shall, upon demand and sur- |
| 59 | render this policy, refund the excess of paid premium above | |
| 60 | the customary short rates for the expired time.  This pol- | |
| 61 | icy may be cancelled at any time by this Company by giving | |
| 62 | to the Insured a five (5) days' written notice of cancellation with | |
| 63 | or without tender of the excess of paid premium above the pro | |
| 64 | rata premium for the expired time, which excess, if not ten- | |
| 65 | dered, shall be refunded on demand.  Notice of cancellation shall | |
| 66 | state that excess premium (if not tendered) will be re- | |
| 67 | funded on demand. | |
| 68 | **Mortgage** | If loss hereunder is made payable, in whole |
| 69 | **interests and** | or in part, to a designated mortgagee not |
| 70 | **obligations.** | named herein as the Insured, such interest in |
| 71 | | this policy may be cancelled by giving to such |
| 72 | | mortgagee a ten (10) days' written notice of can- |
| 73 | cellation. | |
| 74 | If the Insured fails to render proof of loss such mortgagee, upon | |
| 75 | notice, shall render proof of loss in the form herein specified | |
| 76 | within sixty (60) days thereafter and shall be subject to the pro- | |
| 77 | visions hereof relating to appraisal and time of payment and of | |
| 78 | bringing suit.  If this Company shall claim that no liability ex- | |
| 79 | isted as to the mortgagor or owner, it shall, to the extent of pay- | |
| 80 | ment of loss to the mortgagee, be subrogated to all the mort- | |
| 81 | gagee's rights of recovery, but without impairing mortgagee's | |

2 of 4

CP0121(Ed.07/88)
LX1099

82   right to sue; or it may pay off the mortgage debt and require
83   an assignment thereof and of the mortgage. Other provisions
84   relating to the interests and obligations of such mortgagee may
85   be added hereto by agreement in writing.
86   **Pro rata liability.**     This Company shall not be liable for a greater
87                       proportion of any loss than the amount
88   hereby insured shall bear to the whole insurance covering the
89   property against the peril involved, whether collectible or not.
90   **Requirements in**     The Insured shall give immediate written
91   **case loss occurs.**    notice to this Company of any loss, protect
92                     the property from further damage, forthwith
93   separate the damaged and undamaged personal property, put
94   it in the best possible order, furnish a complete inventory of
95   the destroyed, damaged and undamaged property, showing in
96   detail quantities, costs, actual cash value and amount of loss
97   claimed; **and within sixty (60) days after the loss, unless such time**
98   **is extended in writing by this Company, the Insured shall render**
99   **to this Company a proof of loss,** signed and sworn to by the
100   Insured, stating the knowledge and belief of the Insured as to
101   the following: the time and origin of the loss, the interest of the
102   Insured and of all others in the property, the actual cash value of
103   each item thereof and the amount of loss thereto, all encum-
104   brances thereon, all other contracts of insurance, whether valid
105   or not, covering any of said property, any changes in the title,
106   use, occupation, location, possession or exposures of said prop-
107   erty since the issuing of this policy, by whom and for what
108   purpose any building herein described and the several parts
109   thereof were occupied at the time of loss and whether or not it
110   then stood on leased ground, and shall furnish a copy of all the
111   descriptions and schedules in all policies and, if required, verified
112   plans and specifications of any building, fixture or machinery
113   destroyed or damaged. The Insured, as often as may be reason-
114   ably required, shall exhibit to any person designated by the
115   Company all that remains of any property herein described, and
116   submit to examinations under oath by any person named by this
117   Company, and subscribe the same; and, as often as may be
118   reasonably required, shall produce for examination all books of
119   accounts, bills, invoices and other vouchers, or certified copies
120   thereof if originals be lost, at such reasonable time and place as
121   may be designated by this Company or its representative, and
122   shall permit extracts and copies thereof to be made.
123   **Appraisal.**        In case the Insured and this Company shall
124                     fail to agree as to the actual cash value or
125   the amount of loss, then, on the written demand of either, each
126   shall select a competent and disinterested appraiser and notify
127   the other of the appraiser selected within twenty (20) days of such
128   demand. The appraisers shall first select a competent and dis-
129   interested umpire; and failing for fifteen (15) days to agree upon
130   such umpire, then, on request of the Insured or this Company,
131   such umpire shall be selected by a judge of a court of record in
132   the state in which the property covered is located. The ap-
133   praisers shall then appraise the loss, stating separately actual
134   cash value and loss to each item; and, failing to agree, shall
135   submit their differences, only to the umpire. An award in writ-
136   ing, so itemized, of any two (2) when filed with this Company shall
137   determine the amount of actual cash value and loss. Each
138   appraiser shall be paid by the party selecting him and the ex-

CP0121(Ed.07/88)
LX1099

139  penses of appraisal and umpire shall be paid by the parties
140  equally.
141  **Company's**        It shall be optional with this Company to
142  **options.**         take all, or any part, of the property at the
143                       agreed or appraised value, and also to re-
144  pair, rebuild or replace the property destroyed or damaged with
145  other of like kind and quality within a reasonable time, on giv-
146  ing notice of its intention so to do within thirty days after the
147  receipt of the proof of loss herein required.
148  **Abandonment.**     There can be no abandonment to this Com-
149                       pany of any property.
150  **When loss**        The amount of a loss for which this Company
151  **payable.**         may be liable shall be payable sixty days
152                       after proof of loss, as herein provided, is
153  received by this Company and ascertainment of the loss is made
154  either by agreement between the Insured and this Company ex-
155  pressed in writing or by the filing with this Company of an
156  award as herein provided.
157  **Suit.**            No suit or action on this policy for the recov-
158                       ery of any claim shall be sustainable in any
159  court of law or equity unless all the requirements of this policy
160  shall have been complied with, and unless commenced within
161  twelve (12) months next after inception of the loss.
162  **Subrogation.**     This Company may require from the Insured
163                       an assignment of all right of recovery against
164  any party for loss to the extent that payment therefor is made
165  by this Company.

4 of 4

CP0121(Ed.07/88)
LX1099

This Endorsement, effective 12:01 AM  06/15/2001

Forms a part of policy no:  8525713

Issued to:  AMEREX USA INC.

By:  LEXINGTON INSURANCE COMPANY


## EXCESS COVERAGE


**ASSURED:**  Amerex USA Inc.
**ADDRESS:**  1500 Rahway Ave.
              Avenel, NJ  07001


**COVERAGE:**  Buildings, Contents, Business Income and Stock usual to a garment distributor situate Avenel, NJ  and Mercer Island, WA as per schedule on file with this Company.


**PERILS INSURED:**  All risk of direct physical loss or damage including flood and earthquake, excluding earthquake in the state of Washington.


**LIMITS:**  $5,000,000. per occurrence part of $10,000,000. per occurrence excess of $2,500,000. primary per occurrence on real property, personal property (excluding stock) and Business Income; and excess $10,000,000. Primary on stock; and in the annual aggregate for flood and earthquake.


**PRIMARY POLICY AMOUNT:**  $2,500,000. primary per occurrence on real property, personal property (excluding stock) and Business Income.


**PRIMARY INSURER:**  $10,000,000. primary per occurrence on stock. Firemans Fund Insurance Company


## Insuring Agreements

1.    This insurance, subject to its limitations, terms and conditions is to cover the Assured against any loss or damage they may sustain providing such loss or damage is caused directly by the perils specified above.

2.    This Company shall be liable only after the primary insurers have paid or have been held liable to pay the full amount of their policy/policies.


1

3.      **Salvage and Recoveries Clause**

All Salvages, Recoveries or payments recovered or received subsequent to a loss settlement, under this insurance, shall be applied as if recovered or received prior to such settlement and all necessary adjustments shall then be made between the Assured and this Company provided always that nothing in this Clause shall be construed to mean that losses under this insurance are not recoverable until the Assured's ultimate net loss has been finally ascertained.

4.      **Cancellation Clause**: As in the primary insurers.

_____
Authorized Representative OR
Countersignature (In states where applicable)

2