# GENNET, KALLMANN, ANTIN & ROBINSON, P.C.

Stanley W. Kallmann * †
Mark L. Antin ◇ †
Richard S. Nichols †
Donald G. Sweetman ○

6 Campus Drive
Parsippany NJ 07054-4406

(973) 285-1919
FAX (973) 285-1177
gkar@gkar-law.com

William G. Hanft ◊
Brian J. Bolan *
Michael S. Leavy ✧
Brian A. Scotti *
Philip H. Ziegler *

Samuel A. Gennet
(1936-1998)

Litman Suite
45 Broadway Atrium
New York NY  10006
(212) 406-1919

Harry Robinson, III
(1973-2000)

✧ Member NY Bar
* Member NJ & NY Bars
□ Member NJ & PA Bars
◇ Member NJ, NY & FL Bars
○ Member NJ, NY & CT Bars
† Certified by the Supreme Court of
   New Jersey as a Civil Trial Attorney

101 East Lancaster Avenue  Suite 304
Wayne PA  19087
(610) 902-0150
FAX (610) 902-0152
mbridge.bridgelaw@verizon.net

PA Managing Attorney
Mark M. Bridge (Of Counsel)
Nancy E. Zangrilli

www.gkar-law.com

Please Reply to Parsippany

June 4, 2007

**Via FAX (212) 349-6702**
**and Regular Mail**
Dennis D'Antonio, Esq.
Weg and Myers, P.C.
52 Duane Street
New York, NY 10007

      Re:    Insured:      Amerex Group, Inc.
               D/O/L:        8/3/01
               Loss Location:  1500 Rahway Ave., Avenel, NJ
               Our File No:    02-5703:47/30-A

Dear Mr. D'Antonio:

      We write to demand, on behalf of Westchester Surplus Lines Insurance Company and Lexington Insurance Company, and pursuant to applicable policy provisions, an appraisal of the amount of loss allegedly suffered by your client, Amerex Group.

      The applicable policies of insurance each provide that, in the event of failure of the insurers and insured to agree to the actual cash value or amount of loss, that upon the written demand of either party, each party must select a competent and disinterested appraiser within twenty (20) days of the date of this due demand. Those appraisers, in turn, shall select a competent and disinterested umpire, or in the event of disagreement, such an umpire shall be named by a New Jersey Court. Thereafter, the award of any two appraisers, stating separately actual cash value and loss to each item, shall determine the amount of loss.

      We are aware that you have commenced suit in this matter against both excess insurers. However, as you will no doubt recall, for a period of well over a year since denial of the insured's claim, and most recently in April, 2007, we have conducted negotiations, exchanged

June 4, 2007

Dennis D'Antonio, Esq.
Weg and Myers, P.C.

Page Number 2
===============

presentations, and otherwise had an ongoing series of communications with you concerning the facts and circumstances of the above loss and the amount of damages, if any, suffered by your clients. Indeed, an "offer" was "on the table" to your client in full and final satisfaction of this matter, and had not been responded to, at the time you commenced suit. We do not, however, believe that the fact that a suit has been commenced is a bar to this demand for appraisal, since this demand, notwithstanding the suit, constitutes our clients' contractually permitted means to resolve this matter now that it is clear that negotiations have failed.

      Please dismiss the pending litigation and comply with the appraisal provisions of the policy.

      Very truly yours,

      GENNET, KALLMANN, ANTIN & ROBINSON

BY: _____
      MARK L. ANTIN

MSL:bak