UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
AMEREX GROUP, INC. and                        07 cv 3259 (HB)
AMEREX USA, INC.,

                        Plaintiffs,

                -against-

LEXINGTON INSURANCE COMPANY and
WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

                        Defendants.
-----------------------------------------------------------------X

**BRIEF OF DEFENDANTS IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT COMPELLING APPRAISAL**

                                    Gennet, Kallmann, Antin & Robinson, P.C.
                                    Attorneys for Defendants
                                    45 Broadway Atrium
                                    Litman Suite
                                    New York, New York 10006
                                    (212) 406-1919

Mark L. Antin (MA0427)
Michael S. Leavy (ML6150)
On the Brief

**PRELIMINARY STATEMENT**

This brief is respectfully submitted on behalf of the defendants in further support of their motion pursuant to Fed. R. Civ. P. 56(b) granting defendant partial summary judgment specifically enforcing the appraisal clause of the insurance policy.

The facts upon which the motion is based are set forth in the accompanying Statement of Undisputed Material Facts, and the accompanying Declaration of Mark L. Antin dated July 6, 2007, and will not be repeated herein except for purposes of clarification or amplification.

**ARGUMENT**

**DEFENDANTS ARE ENTITLED TO COMPEL APPRAISAL**

A.   **Appraisal Is Appropriate to Determine Valuation Issues,
     Leaving Coverage And Other Issues For This Plenary Action**

According to their Amended Complaint, plaintiffs (collectively "Amerex") commenced this breach of contract action to recover damages in the amount of $6,312,000.00 from its excess insurers Lexington Insurance Company ("LIC") and Westchester Surplus Lines Insurance Company ("WSLIC") as a result of property damage allegedly sustained on August 3, 2001.

Defendants, in their Answer, assert as their Second Affirmative Defense that

> Defendants have duly demanded appraisal proceedings to determine the amount of loss, which would resolve all issues in controversy, and bar this suit.

The applicable policies of insurance contain clauses providing for the determination, by appraisal, of any dispute concerning the amount of damages. The 165 lines of the standard fire

insurance policy, which are codified in New York at Insurance Law 3404(e) and in New Jersey at NJSA 17:36-5.20, states:

> Appraisal.    In case the insured and this Company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then, on request of the insured or this Company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, by any two when filed with this company shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally.

This Court should order the appraisal proceeding to be conducted. Where there are issues concerning the value of property and the amount of a loss, and where one of the parties has duly demanded appraisal pursuant to applicable policy provisions, an appraisal proceeding under the policy is the appropriate and exclusive means to resolve that dispute. Even where, as here, other issues remain pertaining to coverage, the appraisal proceeding is to go forward, reserving those other remaining issues for the litigation.

New York's Court of Appeals has had several occasions to discuss the propriety and extent of appraisal provisions. In *Buchholz v. United States Fire Ins. Co.*, 293 N.Y. 82, 85, 56 N.E.2d 43 (1944), the insured suffered a fire loss to its inventory. The policy of insurance contained a rider that the adjustment of inventory losses for stock sold but not delivered was to be on a selling price basis. Nonetheless, the insurer demanded appraisal.

> On the record, the plaintiff seems to be right in his contention that the appraisal agreement did not displace the provision we have quoted from the rider. But it did not follow that the loss was to be paid without performance by the insured of the appraisal agreement. There was a dispute as to whether the property had been sold by the insured. Consequently **the defendant insurer was justified in insisting that the value of the property be fixed by the appraisers prior to litigation of the issues,** including the dispute as to whether there had been a sale. [emphasis added]

In *Matter of Delmar Box Co. (Aetna Ins. Co.)*, 309 N.Y.60, 63, 127 N.E.2d 808 (1955), the Court considered the case of a fire loss occurring to the property of the insured. The insured plaintiff demanded appraisal pursuant to an identical provision as in the case at bar, and the insurers refused. The insurers asserted coverage defenses of material misrepresentation, false swearing, and lack of insurable interest. In analyzing whether the insured could compel appraisal under the then-extant provision for compelling arbitration, a Civil Practice Act provision which was the predecessor to CPLR 7601, the Court noted that:

> A number of basic distinctions have long prevailed between an appraisement under the standard fire policy and a statutory arbitration. An agreement for arbitration ordinarily encompasses the disposition of the entire controversy between the parties, upon which judgment may be entered after judicial confirmation of the arbitration award (Civ. Prac. Act § 1464), while **the agreement for appraisal extends merely to the resolution of the specific issues of actual cash value and the amount of loss, all other issues being reserved for determination in a plenary action.** [emphasis added]

Other Courts examining this issue have agreed that, notwithstanding such issues as might exist in a litigation, those issues amenable to appraisal must be so resolved, reserving the remaining disputes for litigation. In *Duane Reade Inc. v. St. Paul Fire & Marine Ins. Co.*, 279 F.Supp.2d 235, 241-242 (S.D.N.Y. 2003), this Court considered the issue of whether an appraisal agreement could be enforced, and determined that it could.

> Turning to St. Paul's motion to have the Policy-provided appraisers (as opposed to the Court or a jury) determine the duration (in years and months) of the Restoration Period, the Court agrees with St. Paul that such calculation falls within the appraisers' purview. Pursuant to the parties' agreement, and as a general matter under New York law, **questions concerning valuation of the loss, as opposed to coverage under the Policy, must be submitted to appraisal.** [citations omitted] Although defining what was meant by the Restoration Period was a coverage issue, *see Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 261 F.Supp.2d 293 (S.D.N.Y.2003), now that that has been accomplished, **the estimation of that period in order to help value the loss is a matter of valuation, not coverage. Indeed, it is part of the kind of appraising that real estate, business, and insurance appraisers regularly undertake.** [emphasis added]

*See, also, Clark v. Kraftco Corp.*, 323 F.Supp. 359, 361 (S.D.N.Y. 1971) ("the agreement for appraisal extends merely to the resolution of the specific issues of actual cash value and the amount of loss, all other issues being reserved for a plenary action."); *Matter of Penn. Cent. Corp. (Consolidated Rail Corp.)*, 56 N.Y.2d 120, 451 N.Y.S.2d 62 (1982) ("appraisal resolves only a valuation question leaving all other issues for resolution at a plenary trial").

The law of New Jersey is no different. In *Hala Cleaners, Inc. v. Sussex Mut. Ins. Co.*, 115 N.J.Super. 11, 277 A.2d 897 (N.J.Super.Ch. 1971), liability under the policy was disputed by the insurer, yet the Court compelled it to name an appraiser and participate in the process, solely to determine the amount of loss, leaving the coverage issues to be resolved in the litigation. The Court likewise compelled the insurer to participate in appraisal in *Drescher v. Excelsior Insurance Co. of New York*, 188 F.Supp. 158, 159 (D.C.N.J. 1960) stating that

> The very purpose of the appraisal clause is to avoid delay and confusion at trial on the issue as to the amount of damage, as distinguished from the issue of whether defendants are liable for such damage.

*See, also, Elberon Bathing Co., Inc. v. Ambassador Ins. Co., Inc.*, 77 N.J. 1, 389 A.2d 439 (1978) ("It is not in the public interest to encourage litigation over procedures which were designed to resolve disputes without litigation.")

Accordingly, it is respectfully submitted that the Court should compel an appraisal, limited to the valuation and amount of loss, in this matter.

**B.      Appraisal Has Not Been Waived**

Amerex has asserted (Exhibit "10" to Antin Decl.) that because appraisal was not demanded until they commenced suit, it has been waived. Defendants could not have waived their right to appraisal when, they thought, efforts to resolve the damages dispute were ongoing. As it turned out, these efforts were not ongoing, but only Amerex knew it.

The issue of appraisal has not, as plaintiff has asserted, been waived. In a case involving the coverage litigation between the World Trade Center leaseholder and its property insurers arising from the September 11, 2001 losses, *SR International Bus. Ins. Co. Ltd., v. World Trade Center Properties LLC*, 2002 WL 1905968 (S.D.N.Y.), Judge Martin declined to follow this precise argument, holding:

> The Silverstein Parties' contention that Allianz has waited too long to enforce its rights is based on the argument that one can waive rights to arbitration or appraisal by participating in litigation without asserting those rights. *See Sherill v. Grayco Builders, Inc.*, 64 N.Y.2d 261, 273-74 (1985). Here, however, Allianz reserved its right to demand appraisal in its Reply to the Silverstein Parties' Counterclaim, and spent a substantial portion of the time between the filing of that pleading and the filing of its present motion attempting to negotiate an agreement for an appraisal process with the various insurers and the insured. Thus, by its conduct, Allianz did not waive its appraisal rights.

6

Just as in the SR case, defendants asserted in their Answer their entitlement to appraisal.

Other federal and state courts have considered, and rejected, this argument as well. In *McCord v. Horace Mann Ins. Co.*, 390 F.3d 138, 143-144 (1st Cir. 2004) (Massachusetts law), the Court found that even where the insurer denied any liability for the loss and rejected the insured's proof of loss, where it asserted the appraisal provision as an affirmative defense in its answer, it had not waived the provision. In *Terra Industries, Inc. v. Commonwealth Ins. Co. of America*, 981 F.Supp. 581 (N.D.Iowa 1997), the insurer's right to appraisal, so long as the demand is made within a "reasonable" time, was not pre-empted merely by the filing of a suit, and, moreover, since the discussions among the parties continued up until the time the suit was filed, the delay was reasonable. *See, also, Society of St. Vincent De Paul in Archdiocese of Detroit v. Mt. Hawley Ins. Co.*, 49 F.Supp.2d 1011, (E.D.Mich. 1999)

In *School Dist. No. 1 of Silver Bow County v. Globe & Republic Ins. Co. of America*, 146 Mont. 208, 215-216, 404 P.2d 889, 893-894 (1965), the insurer demanded appraisal 6 days after commencement of a suit on the action, and the insured argued that appraisal had been waived. The Montana Supreme Court held that:

> When a policy of insurance containing an appraisal clause does not expressly or impliedly limit the time within which a demand for appraisal must be made, it is inferred that the parties contemplated that such demand must be made within a reasonable time after disagreement has arisen as to the amount of loss. 6 Appleman, Insurance Law and Practice § 3926 (1942); 14 Couch on Insurance 2d § 50.76. . . .
>
> Whether a demand for appraisal has been made within a reasonable time depends upon the circumstances of each case. [citations omitted]. An examination of the cases involving this issue reveals that principally two factors have been decisive; **prejudice resulting from the delay**, and the **breakdown of good-faith negotiations** concerning the amount of loss. . .

> **[I]t is not disputed that prior to the initiation of the action there had been no cessation of good-faith negotiations,** nor has the insured seriously contended that it was handicapped by the insurers' delay in demanding appraisal. . .
>
> [T]he inconvenience of bringing suit is just one circumstance to be considered in determining whether a delay in demanding appraisal was unreasonable, that is, whether the inconvenience suffered was sufficient to justify a refusal to proceed under the appraisal provision of the policy. . . .
>
> Considering all of the circumstances of this case, we are of the opinion that the insured's delay in demanding appraisal was not unreasonable. [emphasis added]

In *Hanby v. Maryland Cas. Co.*, 265 A.2d 28 (Del. 1970), the Delaware Supreme Court held that where plaintiff refused a pending good faith offer and commenced suit within two months thereafter, the insurer's appraisal demand following commencement of litigation was proper and enforceable.

In *Keesling v. Western Fire Ins. Co. of Fort Scott, Kan.*, 10 Wash.App. 841, 520 P.2d 622 (Wash.App. 1974), two months passed between the inception of litigation and the insurer's demand for appraisal. The court found that:

> The demand for an appraisal by the insurer was made timely under the circumstances. The timeliness of a demand for an appraisal in each case depends upon the circumstances as they existed at the time the demand was made. Annot., 14 A.L.R.3d 674 (1967).

This determination was based on the fact that:

> The items of loss and the amounts attributable to each item were still unresolved [at the time of the insurer's last offer]. This is a factor justifying delay in the demand for appraisal. Mizrahi v. National Ben Franklin Fire Ins. Co., 37 N.Y.S.2d 698 (N.Y. City Ct. 1942). Further, insofar as the record shows, until the insured filed suit, the frame of mind of both parties welcomed additional communications and negotiations rather than confrontation. The election of the insured to file suit could not deprive the insurer of its right to appraisal under the policy. Hanby v. Maryland Cas. Co., 265 A.2d 28 (Del.1970).

> Moreover, there is no showing that the insured would have been prejudiced if an appraisal of the loss had been made even though 8 months had passed since the filing of the proof of loss and litigation had been commenced. This factor is likewise entitled to consideration in determining if the demand for appraisal was timely. . . . [T]wo factors have been decisive: prejudice resulting from the delay, and the breakdown of good-faith negotiations concerning the amount of loss.

In *Monroe Guar. Ins. Co. v. Backstage, Inc.*, 537 N.E.2d 528 (Ind.App. 3 Dist. 1989), an appraisal demand made 8 months after the end of good faith negotiations, and 2 months after suit was commenced, was nonetheless enforceable in the absence of any prejudice to the insured.

It is respectfully submitted that there has been no such waiver here, where the insured's commencement of suit was the first indication to the insurer that good faith negotiations had concluded, and no prejudice has been or can be shown.

### Conclusion

Accordingly, defendants respectfully submit that all damages issues are required, by virtue of defendants' demand, to be resolved by appraisal under the terms and conditions of the policy, with any issues of the interpretation of or application of said determination, and any coverage issues, to be resolved in this plenary action.

Dated: New York, New York
July 6, 2007

>   Respectfully submitted,
>   Gennet, Kallmann, Antin & Robinson, P.C.
>
>   By: /s/ Mark L. Antin
>   Mark L. Antin (MA0427)
>   Michael S. Leavy (ML6150)

9

## DECLARATION OF SERVICE

MARK L. ANTIN, an attorney admitted to practice before the courts of the State of New York and the U.S. District Court for the Southern District of New York, hereby affirms the truth of the following under the penalties of perjury:

I am a shareholder in the law firm of Gennet, Kallmann, Antin & Robinson, P.C., attorneys of record for the Defendants, Lexington Insurance Company and Westchester Surplus Lines Insurance Company.

That on July 6, 2007, I served a true copy of the annexed Motion for Partial Summary Judgment, Declaration of Mark L. Antin, Statement of Undisputed Facts, and Brief in Support of Motion, placing same in a sealed envelope with postage prepaid thereon in a Post Office or an official depository of the US Postal Service, addressed to the last known address of the addressees set forth below:

Janese N. Thompson
Weg and Myers, P.C.
52 Duane Street
New York, NY 10007

_____
MARK L. ANTIN (MA 0427)