UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

AMEREX GROUP, INC. and  
AMEREX USA, INC.,

                      Plaintiffs,

-against-

LEXINGTON INSURANCE COMPANY and  
WESTCHESTER SURPLUS LINES  
INSURANCE COMPANY,

                      Defendants.

------------------------------------------------------------------X

07 cv 3259 (HB)

**DEFENDANTS' REPLY TO STATEMENT OF UNDISPUTED MATERIAL FACTS OF PLAINTIFFS**

      As and for their Reply to Plaintiffs' Statement of Undisputed Material Facts, defendants Lexington Insurance Company and Westchester Surplus Lines Insurance Company state as follows:

      1.     Although Plaintiffs submitted a claim to Defendants under the excess policies of insurance Defendants have not compensated the Plaintiffs for its [sic] covered losses. Janese Thompson Declaration ("Thompson Decl.") at Exhibit ("Ex.") "A" at ¶¶'s 23, 29, 30, 36 and 37.

      RESPONSE: Admitted.

      2.     By Letter dated February 10, 2004, Defendants requested Examinations Under Oaths of "(a) Robert Amerini (and such other person if not Mr. Amerini, in the employ of Amerex responsible for preparation of the insurance claim)" and (b) "Robert McDonald". Mark Antin Declaration ("Antin Decl.') at Ex. "5", p. 1 of the Notice for Examination under Oath. This letter also demanded the examination of "(c) [p]ersons with most knowledge regarding sales of garments in the lines of products involved in the claim"; "(d) [p]ersons with most knowledge regarding shipping of the garments in the lines of products involved in this claim; "(e) [p]ersons with the most knowledge regarding the coordinated agreements with Dynamic and Apex, including any supervision, monitoring and performance of the services rendered pursuant to those garments." Antin Decl. at Ex. "5" at p. 1.

      RESPONSE: Admitted.

      3.     Defendants [sic] Notice for Examination Under Oath also demanded numerous documents. Antin Decl. at Ex. "5" at p. 2.

RESPONSE: Admitted that certain demands were made, and refer to those demands for their content.

4.  The Defendants and its [sic] accountant had a meeting with Plaintiffs and its [sic] Accountant and Public Adjusters on July 26, 2004 at which time Defendants inspected Plaintiffs [sic] available documents. Antin Decl. at Ex. "7".

RESPONSE: Admitted that certain documents were inspected on or about that date by defendants' accountant. They were neither all the documents requested nor all the documents available to plaintiffs.

5.  By letter dated May 7, 2004, Plaintiffs informed Defendants that they intended to produce the documents requested by Defendants within its [sic] possession, custody and/or control by May 25, 2004 and that if the documents were ready to be produced by May 25, 2004, it [sic] would be produced by June 10, 2004. Thompson Decl. at Ex. "C".

RESPONSE: Admitted that a letter that date was transmitted, but not its verity.

6.  Defendants demanded numerous Examinations Under Oath which were taken from December 2004 through October 2005. Thompson Decl. at ¶¶ 15 and Ex.'s "E" through "K".

RESPONSE: Admitted that examinations under oath were taken. The term "numerous" is subjective.

7.  The Defendants have [sic] never made a demand for appraisal nor have [sic] the Defendants initiated discussions concerning appraisal prior to the commencement of litigation. Thompson Decl. at ¶¶'s 24, 27, 28 and 30.

RESPONSE: Admitted, but defendants state that they were attempting to obtain additional information, documentation, explanations and analysis from plaintiffs, and implementing several alternative dispute resolution methodologies prior to making an appraisal demand.

8.  The Plaintiffs have always made its [sic] position known to the defendants, especially that it [sic] did not agree with the Defendants [sic] coverage analysis and that it [sic] expected the sum of $8,812,000.00 for its [sic] loss. Thompson Decl. at ¶ 29.

3

RESPONSE: Denied. Plaintiffs never characterized their dispute with defendants as a "coverage" issue until now. Any disagreements between plaintiffs and defendants were described as disputes regarding the calculation of plaintiffs' economic losses arising from the rack collapse and its sequelae. Moreover, plaintiffs, either directly or through representatives, stated that they expected other, lower payments for their loss.

Dated: New York, New York
        August 2, 2007

By: _____
    Michael S. Leavy (ML6150)

3