04-109
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| AMEREX GROUP, INC. and AMEREX USA INC,<br><br>Plaintiffs,<br><br>- against -<br><br>LEXINGTON INSURANCE COMPANY AND WESTCHESTER SURPLUS LINES INSURANCE COMPANY,<br><br>Defendants. | ) | CASE NUMBER:<br>07 CV 3259 (HB) |

**REPLY DECLARATION OF DENNIS D'ANTONIO**

Dennis D'Antonio, declares under the penalty of perjury the following:

1. I am a Member of the law firm of Weg and Myers, P.C., attorneys for AMEREX GROUP, INC., and AMEREX USA INC (collectively, "Plaintiffs"). I submit this declaration in further support of Plaintiffs Cross-Motion dismissing Defendants' Second Affirmative Defense.

2. By letter dated August 6, 2007, the Defendants consented to a Motion/Cross-Motion format and the briefing schedule which has since being endorsed by this Court. A copy of the letter setting forth this schedule is annexed to hereto at Exhibit "A".

3. This firm was retained was retained by Plaintiffs on March 1, 2004. Since that time, I have personally represented Plaintiffs in this matter. Prior to and during the course of the mediation, Janese N. Thompson assisted me in handling this matter.

4. In their papers, Defendants suggest that the issue of damages and coverage are isolated and separate and therefore appraisal is appropriate to value Plaintiffs' claim. Such a

suggestion is belied by the mediation process engaged in by the parties prior to suit being commenced. Specifically, issues concerning the potential "spoliation of evidence", the proximate cause of Plaintiffs' damages and the period of restoration resulted in a gap in excess of $5 Million over and above the $2,500,000.00 already paid by Fireman's Fund Insurance Company.

5. Although Fireman's Fund paid the entire amount of the primary policy, Defendants denied the claim by letter dated February 21, 2006. See Antin Decl. at Ex. "7". The denial letter offered "AMEREX the opportunity to listen to a presentation by the insurers consultants, critique their conclusions and provide different or additional analyses for consideration of the insurers". Antin Decl. at ¶ 14 and at Ex. "7".

6. Pursuant to the February 21, 2006 letter, on April 19, 2006 a meeting was held wherein the parties discussed their views about the claim, factual basis, documentation and methodology used in calculation of the claim with their respective experts and counsel. At the April 19, 2006 meeting Defendants never raised the issue of proceeding by appraisal and no demand for appraisal was made.

7. Subsequent to the April 19, 2006 meeting, the parties agreed to mediate the claim. Thereafter the parties agreed to appoint John Kerns as their mediator. At that time the concept of "appraisal" was never discussed.

8. Prior to the mediation, the parties submitted a mediation statement, together with documents utilized by the accountants in arriving at their calculations, the methodology utilized by the respective experts, a factual analysis, together with relevant portions of the Examinations under Oath conducted herein.

9. Subsequent to the parties' submission of a mediation statement, they held several separate meetings with the mediator and the accounting experts from November 2006 through March 2007. Ms. Thompson was present at the meetings wherein the parties presented facts about the loss, facts about the business, as well as, supporting documentation and claim calculation methodology.

10. During the mediation it became clear that there was still a dispute between the parties regarding whether (a) the Plaintiffs could substantiate every segment of their claim, absent the documents that the Defendants claim was spoliated, (b) business income lost was a direct and sole result of the rack collapse or was caused in part by the 9/11/01 terrorist attack, alleged bankruptcies by major customers and/or overall economic and specific market declines; and (c) Plaintiffs' utilized the proper period of restoration in calculating their business interruption claim.

11. Subsequent to Plaintiffs submission of their insurance claim, they produced all supporting documentation to the Defendants that was within their possession, custody and/or control. The Defendants subsequently requested documents that had not been produced by Plaintiffs. As was explained to Defendants, due to the Plaintiffs transition of their computer systems they were unable to reproduce open order reports by division, which defendants claim would have shown open orders at the time of the rack collapse versus open orders in the prior year at the same time, monthly backlog reports, records of lost re-orders, monthly breakdowns of the claim, specific information regarding markdowns, late shipment reports as they relate to the claim, cancelled order reports as it relates to the claim and pre and post event "on time" shipping reports.

12. Defendants have continued to maintain that Plaintiffs failure to produce these documents impacted upon the methodology used in the calculations and that the unavailability of these documents prevented Defendants from establishing a causal link between the rack collapse and the increase of off-price sales. Plaintiffs have countered by claiming that it has relied upon historical trends which, in fact, establish the causal link between any claimed reduction in sales and/or increase in off-price sales as a result of the rack collapse.

13. Defendants have also challenged Plaintiffs expert's methodology used in the calculating the lost sales segment of the damages that the calculation does not use a consistent methodology for claim categories where a single methodology can be used.

14. In addition, Defendants have always alleged that Plaintiffs loss was, inpart, a result of other alternate causes, i.e, the September 11, 2001 terrorist attacks, bankruptcies by major customers, and economic and market declines within the Plaintiffs' industry. This defense goes directly to the issue of whether all the losses claimed by the Plaintiffs is proximately caused by the covered under the Policy.

15. Additionally, Defendants have taken issue with the period of restoration claimed by Plaintiffs. While Defendant has not identified what it believes the restoration period should be, its questioning of the period utilized by Plaintiffs has unquestionably impacted upon the "valuation" of Plaintiffs' claim.

16. As a result of these coverage issues, in or about March 2007 the Defendants conveyed through the Mediator an offer in the amount of $1,000,000.00 against the Plaintiff's net claim of approximately $8,812,000.00. This offer was communicated to me verbally. In April 2007, I rejected the offer through communication with the Mediator.

17. Furthermore, as of April 2007 the parties had no dialogue with each other or the mediator regarding settling this matter. Moreover, no appraisal was demanded by either party at that time. Consequently, this lawsuit was commenced on April 23, 2007 and an Amended Complaint was filed May 18, 2007.

18. The first time Defendants ever raised proceeding by appraisal was only after this litigation commenced.

19. By letter dated June 22, 2007, WEG and MYERS, P.C. on behalf of Plaintiffs, rejected defendants demand for an appraisal of the amount of the loss. Antin Decl. at Ex. "12".

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 10, 2007

DENNIS D'ANTONIO

# EXHIBIT A

Case 1:07-cv-03259-HB Document 23 Filed 08/06/2007 Page 1 of 10

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:
JUL 30 2006
HAROLD BAER
U.S. DISTRICT JUDGE
S. D. N.Y.

Weg and Myers, P.C.
ATTORNEYS AT LAW
FEDERAL PLAZA
52 DUANE STREET, NEW YORK, NEW YORK 10007
(212) 227-4210
FAX: 212-349-6702
WWW.WEGANDMYERS.COM

CONNECTICUT AFFILIATE
LAW OFFICE OF
BRIAN D. ROSENFELD
16 RIVER STREET
NORWALK, CT 06850
(203) 853-3888

NEW JERSEY AFFILIATE
LAW OFFICE OF
MASELLI-WARREN, P.C.
600 ALEXANDER ROAD
PRINCETON, NJ 08540
(609) 452-8411

July 27, 2007

**VIA Facsimile (212) 805-7901**
Hon. Harold Baer, Jr.
United States District Court
Southern District of New York
500 Pearl Street, Chambers 2230/Courtroom 23B
New York, New York 10007

RE: Amerex Group, Inc. et Al. v. Lexington Insurance Company and Westchester Surplus Lines Insurance Company
Civil Action No. 07 CV 3269 (HB)
Our File No. 04-109

Dear Judge Baer:

This firm represents the Plaintiffs, Amerex Group, Inc., Amerex USA Inc., (collectively "Plaintiffs"), in the above captioned matter.

In connection with the Defendants Lexington Insurance Company and Westchester Surplus Lines Insurance Company (collectively "Defendants") motion for partial summary judgment seeking to compel discovery and the Plaintiffs cross-motion for partial summary judgment dismissing Defendants' Second Affirmative Defense which demand appraisal. With the Court's permission, the parties agreed to the briefing schedule for the motion and cross-motion as follows:

- Defendants have made a motion to compel appraisal on July 6, 2007.

- Plaintiffs shall serve their cross-motion and opposition to Defendants' motion on or before July 27, 2007.

- Defendants shall serve their opposition to Plaintiffs' cross-motion and reply on or before August 3, 2007.

- Plaintiffs shall serve reply to Defendants' opposition to its cross-motion on or before August 10, 2007.

*Weg and Myers, P.C.*

Hon. Harold Baer, Jr.
Re: Amerex Group, Inc.
July 27, 2007

Page 2

Plaintiffs and Defendants request oral argument on this motion and cross-motion.

We would accordingly ask that the discovery stay extend pending the determination of the motion and cross-motion.

On a separate note, the proposed Pretrial Scheduling Order places this case on the June 2008 Trailing Calendar yet it provides for a Joint Pretrial Order to be submitted August 26, 2008. Accordingly plaintiffs ask the court's indulgence in providing the parties with a new date for which the parties should submit a Joint Pretrial Order.

The parties are prepared to appear at Court's convenience to respond to any questions the Court may have regarding the content of this letter.

This letter is sent with the consent of counsel for Defendants.

Respectfully submitted,

WEG AND MYERS, P.C.

By [signature]
Dennis D'Antonio, Esq. (DD 0973)
Janese N. Thompson, Esq. (JT 7714)

cc:
Gennet, Kallmann, Antin & Robinson (Via Fax & Regular Mail)
6 Campus Drive, 2nd Floor
Parsippany, New Jersey 07054-4406
Attn: Michael S. Leavy, Esq.
Mark Antin, Esq.

8/1/07

Since O/A is 9/6 discovery will begin 10/20 which leaves almost 6 months – certainly do not premise a decision on that date & if you need more discovery time we can talk on 9/6 but it's already late to start –
SO ORDERED
Harold Baer
U.S.D.J.

The PTSO now reflects my change. Trial month August 08 and a closing of discovery on April 5, 08 since the last fully briefed motion [illegible] 16 08 – the trial has been added to the August 08 TTC. as O/A is Sept 07 [illegible] chambers schedule on the motion [illegible] pertinent to which this letter is addressed is fine. I have rarely seen more in the discovery stay world than I did for you

Case 1:07-cv-03259-HB Document 23 Filed 08/08/2007 Page 5 of 6

Endorsement:

The PTSO now reflects my change an August 2008 trial month and a closing of discovery on April 5, 2008 and the last day for fully briefed motions as May 20, 2008. The trial has been added to the August 08 trailing trial calendar. Oral argument is September 6, 2007 call Chambers for time. Your briefing schedule on the motion to which this letter is addressed is fine I rarely do more in the discovery stay world than I did for you since oral argument is September 6 discovery will begin October 20 which leaves almost 6 months - I certainly do not promise a decision but hat date and if you need more discovery time we can talk on September 6 but its already late to start.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

AMEREX GROUP, INC. and
AMEREX USA INC,

Plaintiffs,

- against -

LEXINGTON INSURANCE COMPANY AND
WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

Defendants

---

DECLARATION OF DENNIS D'ANTONIO

---

*Weg and Myers, P.C.*
*Attorney for* Plaintiffs
*Office and Post Office Address, Telephone*
**Federal Plaza**
**52 Duane Street**
**NEW YORK, N.Y. 10007**
**(212) 227-4210**